IN THE CIRCUIT COURT FOR PRINCE GEORGES, MARYLAND

| | |
|---|---|
| SHEENA WHITE, <br> as Personal Representative of the <br> **Estate of Staci White**, and <br> As Next Friend of <br> **JOHN MARSHALL**, and <br> **JORDAN WHITE**, surviving children of <br> **Deceased Staci White** <br> 1303 Buchanan Place <br> Fort Washington, Maryland 20744 <br><br> Plaintiffs, <br><br> vs. <br><br> **LEXINGTON COURT APARTMENTS, LLC** <br> 875 Mamaroneck Avenue <br> New York, New York 10543 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br><br> * <br><br> Civil Case No.: CAL14-~~35795~~ <br> 36650 <br><br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiffs Sheena White as Personal Representative of the Estate of Staci White, and as Next Friend of John Marshall and Jordan White, by and through their attorneys, hereby sue the Defendant Lexington Court Apartments, LLC and in support thereof state as follows:

### JURISDICTION

1. This action arises under the laws of the State of Maryland. Substantial parts of the conduct giving rise to the action occurred in Prince Georges County, which is within this Judicial District. This is an action for damages in excess of Thirty Thousand ($30,000.00), exclusive of costs and interest, and otherwise within the jurisdiction of this Court.

### PARTIES

*Plaintiffs*

2. Plaintiff **Sheena White**, by virtue of Letters of Administration granted by the Register of Wills for Prince Georges County on November 25, 2014 in Estate Number 98342, is the duly appointed Personal Representative of the Estate of Staci White. Plaintiff **Sheena White** is the surviving sister of the deceased

Staci White. Plaintiff Sheena White conducted a good faith and reasonably diligent effort to identify, locate, and name as use Plaintiffs all individuals who may have an interest in this lawsuit quality as use Plaintiffs. To Plaintiff's knowledge and belief, there are no other beneficiaries entitled to bring a claim pursuant to the Wrongful Death Act.

3. Plaintiffs **John Marshall and Jordan White** are surviving children of the deceased Staci White and are primary beneficiaries in the wrongful death action pursuant to §3-904(a) of the Courts and Judicial proceedings Article of the Annotated Code of Maryland.

*Defendant*

4. Defendant **Lexington Court Apartments, LLC** is a corporate and/or business entity for profit organized and existing under the laws of Delaware and doing business in the State of Maryland, and said Defendant owns, manages, operates, maintains and/or controls the subject property known and referred to as Lexington Court Apartments located at or about 5284 Marlboro Pike, Capitol Heights, Maryland 20743.

*Facts Common to All Counts*

5. That on or about Saturday, February 22, 2014 at approximately at 1:22 a.m., the decedent, Ms. Staci White was lawfully on the premises of the subject property known as Lexington Court Apartments located at or about 5284 Marlboro Pike, Capitol Heights, Maryland 20743.

6. While present at the premises, the decedent, as a result of the negligence and carelessness of said Defendants more fully described below, lost her life while inside the Defendant's property.

**COUNT ONE**
**(WRONGFUL DEATH– NEGLIGENCE– Against all Defendants)**

Plaintiff Sheena White, as Next Friend of John Marshall and Jordan White, adopt and incorporate herein by reference the material factual allegations of paragraphs 1-6 and further state:

Pursuant to Md. COURT & JUDICIAL PROCEEDING Code Ann. § 3-904(g)(1), this matter has been commenced with the three (3) years Statute of Limitation.

8. At all times material, Defendant owed a duty to the invitees and public including the decedent, Staci White, to exercise reasonable care to keep and maintain its premises in a condition reasonably safe for the use of the invitees and the public. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its invitees, including the decedent, from criminal attacks which were reasonably foreseeable.

9. That as such the Defendant owed to the decedent, a duty to exercise reasonable care to make the premises upon which the decedent were invitees safe and/or to warn the decedent of any conditions existing on the premises that were unsafe and/or that would otherwise give rise to risk of serious bodily harm.

10. That the aforesaid Defendant had a duty to provide adequate security upon the premises, in light of crimes that had been committed on or near the premises within reasonable proximity to February 22, 2014.

11. That notwithstanding the aforesaid duties Defendant Lexington Court Apartments, LLC negligently failed to exercise reasonable care in providing a safe place for users of the premises, including but not limited to the decedent, Staci White, and further negligently failed to provide adequate security for the premises, and failed to provide a reasonably safe premises, despite the fact that the Defendant knew or should have known that the aforesaid premises had a history of criminal activity against persons and property prior to the date of the occurrence. The Defendant negligently failed to provide adequate security at the premises located 5284 Marlboro Pike, Capitol Heights, Maryland 20743 (hereinafter "the premises").

12. Defendant was negligent and breached its duty of reasonable care for the safety and protection of the public, patrons, invitees and the decedent, in one or more of the following ways:

a. by failing to provide adequate security for the users, invitees and licensees of said Defendant's premises;

b. by failing to have any and/or an adequate number of security guards to protect the users, invitees, licensees and/or patrons of said Defendant's premises;

c. by failing to have competent security guards to protect users, invitees, licensees, tenants and/or patrons of said Defendant's premises;

d. by failing to properly train security guards, so that they could protect the users, invitees, licensees, tenants and patrons of said Defendant's premises;

e. by failing to have a sufficient number of security personnel or security presence in visible areas to deter crime thereby protect users, invitees, licensees, tenants and patrons of said Defendant's premises;

f. by failing to take additional security measures after being put on notice that security measures in force were inadequate;

g. by failing to reasonably and effectively utilize available security devices;

h. by failing to warn, protect, guard, and secure the safety of the decedent, or other similarly situated members or the public, when the Defendant knew or should have known of the existence of crime and the danger to those individuals using and entering the apartment;

i. by failing to implement adequate security policies, security measures, and security procedures necessary to protect the decedent, and other invitees, visitors, and users of the Defendant's premises;

j. by failing to police, patrol, guard, deter, and otherwise provide adequate protection for invitees of said Defendant's premises, when Defendant knew or should have known of foreseeable criminal acts;

k. by failing to prevent trespassing by those who were not patrons, invitees or guests of the Defendant's premises;

l. by failing to remove trespassers from the premises when the Defendant knew or should have known of their existence;

m. by failing to routinely monitor the lighting and provide scheduled maintenance of exterior lighting of common areas of the subject premises; and

n. by failing to provide a security entry system, locks, fences or gates to prevent trespassers from gaining access to the premises.

13. That as a result of the aforesaid negligence of the Defendant and without any negligence on the part of the decedent, Staci White lost her life (*See* **Exhibit A, Death Certificate, attached hereto**) on the Defendant's premises. (*See* **Exhibit B, Police Report, attached hereto**).

14. That as a result of the aforesaid negligence of the Defendant without any negligence on the part of the Plaintiffs and/or the decedent contributing thereto, the decedent Staci White, was subjected to suffer severe, painful and permanent injuries of body and mind, including but not limited to a gunshot wound to the body, which caused her death on February 22, 2014.

15. That as a result of a wrongful act and/or neglect of the Defendant, without any wrong on the part of the decedent Staci White contributing thereto, the decedent was subjected to suffer severe, painful and permanent injuries of body and mind, which led to her death on February 22, 2014.

16. That as a result of the aforesaid negligence of the Defendant, the Plaintiffs John Marshall and Jordan White each sustained and will continue to suffer separate and distinct pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of fellowship, loss of comfort, loss of friendship, loss of guidance, loss of parental guidance, training, attention, advice, counsel, emotional and financial support of their mother the decedent, Staci White, all or part of which is permanent in nature.

WHEREFORE, the Plaintiffs Sheena White, as Next Friend of, John Marshall and Jordan White, sue Defendant Lexington Court Apartments, LLC demanding a judgment in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars), plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT TWO
### (SURVIVAL ACTION - NEGLIGENCE )

Plaintiff Sheena White, as Personal Representative of the Estate of Staci White, adopt and incorporate herein by reference the material factual allegations of paragraphs 1-16 and further state:

17. That the Estates and Trust Article of the annotated Code of Maryland §7-401(y) provides for action on behalf of a decedent's estate for conscious pain and suffering, mental anguish, pre-death fright and other damages for which deceased could have recovered had she survived. Plaintiff Sheena White is the Personal Representative of the Estate of Staci White and is therefore entitled to pursue this survival action and the Estate's claim for conscious pain and suffering, for pre-impact fright, for funeral and burial expenses, for medical expenses and other damages permitted by law.

18. That as a result of a wrongful act and/or neglect of the Defendant, without any wrong on the part of the decedent Staci White contributing thereto, the decedent was subjected to suffer severe, painful and permanent injuries of body, mental anguish and horrific pre-death fright and other damages for which she could have recovered had she survived.

19. That as further direct and proximate result of the negligence of Defendant, Plaintiff Sheena White incurred monetary loses and expenses including, but not limited to, funeral and burial expenses.

WHEREFORE, the Plaintiff Sheena White, as Personal Representative of the Estate of Staci White, sue the Defendant Lexington Court Apartments, LLC demanding a judgment in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars), plus pre-judgment and post-judgment interest to the extent

allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

Respectfully submitted, December 30, 2014:

_/s/ Stan Brown_
Stan Brown, Esq. (Bar no. BRO197)
Law Office of Stan Derwin Brown, LLC
1300 Caraway Court
Suite 101
Largo, Maryland 20774-5455
Telephone no.: 301-883-8888
Facsimile no.: 301-883-8606
***Co-Counsel for Plaintiffs***

_/s/ Tiffany Sims_
Tiffany Sims, Esq.
Jackson & Associates Law Firm
1300 Caraway Court
Suite 100
Largo, Maryland 20774
Telephone no.: 301-883-0800
Facsimile no.: 301-883-0801
***Co-Counsel for Plaintiffs***

## DEMAND FOR JURY TRIAL

The Plaintiffs demand trial by jury as to all issues contained herein.

_/s/ Tiffany Sims_
Tiffany Sims, Esq.