```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

SHEENA WHITE, as Personal        :
Representative of the Estate of
Staci White, et al.              :

     v.                          :   Civil Action No. DKC 16-0427

                                 :
LEXINGTON COURT APARTMENTS, LLC
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to remand filed by Plaintiffs Sheena White, J.M., and J.W. (collectively, "Plaintiffs"). (ECF No. 17). Also pending is a motion to quash service and vacate default and default judgment filed by Defendant Lexington Court Apartments, LLC ("Lexington Court" or "Defendant"). (ECF No. 11). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant will be required to show cause why the case should not be remanded.

**I. Background**

Plaintiffs commenced this action by filing a complaint against Crest Apartments, LLC ("Crest") in the Circuit Court for Prince George's County on December 17, 2014.[1] (*See* ECF No. 6, at 2). On December 30, 2014, Plaintiffs filed an amended complaint

---

[1] The factual underpinnings of Plaintiffs' tort claims against Defendant are not relevant to this memorandum opinion.

in the circuit court dismissing Crest and adding Lexington Court as the only defendant.  (ECF No. 2).  At some point in early 2015, Plaintiffs sent service of process to the State Department of Assessments and Taxation ("SDAT") pursuant to the substitute service provisions of Md. Rule 2-124(o) because Defendant did not have a resident agent registered with SDAT at the time.[2]  (ECF Nos. 4; 17-3; *see also* ECF Nos. 1 ¶ 4; 17 ¶ 12).  Defendant challenges the validity of Plaintiffs' service of process and contends that it did not receive notice of service from SDAT.  (*See* ECF No. 1 ¶ 8).

On July 23, 2015, the circuit court entered an order of default against Defendant.  (ECF No. 8).  According to Plaintiffs, the circuit court made multiple unsuccessful attempts to send notices of default and a notice of hearing to the address for Defendant that was on file with SDAT.  (ECF No. 16, at 5).  On October 9, the circuit court held a hearing and entered default judgment against Defendant in the amount of $3,243,027 on November 4.  (ECF No. 9).

On February 16, 2016, Defendant filed a notice of removal.  (ECF No. 1).  On February 17, Defendant filed the pending motion to quash and vacate.  (ECF No. 11).  On March 8, Plaintiffs

---

[2] Plaintiffs' compliance with Maryland service of process procedure is not relevant to this memorandum opinion. Accordingly, the undersigned does not assess the validity of Plaintiffs' service of process on Defendant.

responded to Defendant's motion (ECF No. 16), and filed the pending motion to remand (ECF No. 17).  On March 11, Defendant filed a reply and response to the pending motions.  (ECF Nos. 18; 19).

**II.  Standard of Review**

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

**III. Analysis**

28 U.S.C. § 1446, as amended in 2011, provides two time requirements for removal.  Generally, a civil action must be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

3

proceeding is based." 28 U.S.C. § 1446(b)(1). Moreover, an action where "the initial pleading is not removable," may not be removed "on the basis of [diversity] jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* §§ 1446(b)(3), (c)(1). The parties engage in much back-and-forth regarding the effectiveness of service on Defendant and argue whether the 30-day clock began to run. As will be seen, however, that dispute may be immaterial because the one-year limitation in § 1446(c)(1) supports remanding this action.

Plaintiffs assert that removal was improper because "[a] case may not be removed on diversity grounds more than one year after the December 1[7], 2014 commencement of the action." (ECF No. 17, at 5). Defendant counters that the one-year limitation does not apply because it "applies only where there is either a motion or amendment that renders a case which previously could not be removed removable." (ECF No. 19, at 9). Defendant's reading of the statute is correct, but its application to this case is flawed.

The weight of authority construes the one year limitation to apply only to cases that were not originally removable:

4

> [T]he United States Court of Appeals for the Fourth Circuit has not directly spoken on whether the one-year time limitation of § 1446(b) applies only to the cases which are the subject of paragraph two of the section, or whether it applies to all cases removed under § 1446. However, courts of appeals that have directly addressed the issue have overwhelmingly held that the one-year limitation only applies to the cases addressed by the second paragraph, those not originally removable that only become so during the progression of the case. See *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316–17 (9th Cir. 1998); *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Price v. Wyeth Holdings, Corp.*, 505 F.3d 624, 631 n. 6 (7th Cir. 2007) (noting that all circuits deciding the issue have found that the one-year rule only applies to cases not initially removable); *Brierly v. N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998). After analysis of the language and construction of the statute, the legislative history and recent amendments, as well as the reasoning of courts outside of the Fourth Circuit, this Court concludes that no reasonable interpretation of the statute could lead to a conclusion that the one-year limitation applies to cases which were removable from the time of their filing.

*LaPosta v. Lyle*, No. 5:11CV177, 2012 WL 1752550, at *3 (N.D.W.Va. May 16, 2012) (footnote omitted).[3]

---

[3] The court in *LaPosta* cited to a prior version of § 1446(b), which contained the one-year limitation before the statute was amended in 2011. The amendment did not change substantively the one-year limitation other than to add a good-faith exception. Moreover, the amended statutory language in § 1446(c)(1) explicitly limits the one-year limitation to actions removed under § 1446(b)(3), which concerns cases where "the initial pleading is not removable."

Defendant correctly concedes that this case was commenced on December 17, 2014. (ECF No. 1, at 1). "[I]t is clear that this [c]ourt looks to the law of the State of Maryland to determine when the action 'commences' under 28 U.S.C. § 1446(b). It is well established that an action commences under Maryland law on the date that the initial complaint is filed." *Lexington Market, Inc. v. Desman Assocs.*, 598 F.Supp.2d 707, 710 (D.Md. 2009) (citation omitted); *see* Md. Rule 2-101(a) ("A civil action is commenced by filing a complaint with a court."). "[U]nder Maryland law, service of process upon a defendant is not a requirement for the 'commencement' of an action." *Lexington Market*, 598 F.Supp.2d at 711 (citing *Sledz v. Flintkote Co.*, 209 F.Supp.2d 559, 562 (D.Md. 2002)).

The question, thus, is whether that initial complaint was removable. If it was not, the one year limitation is inapplicable (and the court will have to grapple with the service issue and 30-day time limit.) If it was, Plaintiffs' objection is well taken and the case will be remanded.

Defendant contends that the one year limitation does not apply, but does not clearly articulate its rationale. Defendant's removal notice cryptically recites: "This Notice of Removal is filed within thirty (30) days of when federal diversity was first established. The one year limitation . . . is inapplicable as such provision only applies wherein an

initial pleading is not removable on the basis of diversity and becomes removable pursuant to an amended pleading or otherwise." (ECF No. 1 ¶ 9). A similar contention appears in the response to the standing order. (ECF No. 13 at 2.) Defendant provides no explanation of the conflict between its assertion that diversity jurisdiction was only established on the filing of the amended complaint and its assertion that the original complaint was removable. And, there is no explanation of why the original complaint would have been removable.

The initial complaint named only Crest as a defendant. (*See* ECF No. 2-1). Plaintiffs are Maryland citizens. (*See* ECF No. 1 ¶ 9(a)). Crest's citizenship for diversity purposes is not entirely clear, but all available information suggests it is also a Maryland citizen, and, at the very least, Defendant has not met its burden to show otherwise.[4] Narrowly construing the removal statute, as is required, it does not appear that the action was removable when the initial complaint was filed.

---

[4] "[T]he citizenship of a limited liability company . . . is determined by the citizenship of all its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, L.L.C.*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted). The citizenship, or identity, of Crest's members is unknown. According to the SDAT website, *available at* http://sdatcert3.resiusa.org/ucc-charter/, Crest is a Maryland Limited Liability Company with its principal office in Chevy Chase, Maryland. Its Maryland resident agent is also the "organizer" and "manager" of the company. The court may take judicial notice of information found on SDAT's website. *See Biktasheva v. Red Square Sports, Inc.*, 366 F.Supp.2d 289, 293 n.2 (D.Md. 2005). Accordingly, there is no indication that Crest is not a Maryland citizen for diversity purposes.

Lexington Apartments was substituted as the defendant approximately two weeks later, at which point the action became removable because the parties were diverse.  (*See* ECF No. 1 ¶ 9(b)).  Therefore, the one-year limit in § 1446(c)(1) would apply and began running on December 17, 2014 unless Plaintiffs acted in bad faith to prevent removal.

"For the bad faith exception to apply, the court must find that Plaintiff 'has acted in bad faith *in order to prevent* a defendant from removing the action.'" *Mansilla-Gomez v. Mid-South Erectors, Inc.*, No. 14-cv-00308-JFA, 2014 WL 1347485, at *2 (D.S.C. Apr. 3, 2014) (emphasis in original) (quoting 28 U.S.C. § 1446(c)).  Defendant alludes to instances of Plaintiffs allegedly acting in bad faith regarding service of process and proof thereof.  There is no evidence, however, showing that Plaintiffs acted in bad faith *in order to prevent removal*, and Defendant does not argue as such.  Moreover, SDAT and the circuit court made multiple attempts to contact Defendant well within the applicable one-year period.  These efforts were unsuccessful because Defendant's address was not correct in the SDAT database and Defendant did not have a Maryland resident agent, as required by statute.  *See* Md. Code Ann., Corps. & Ass'ns § 4A-210(a)(2).

**IV. Conclusion**

For the foregoing reasons, it appears that Plaintiffs' motion to remand should be granted. Out of an abundance of caution, Defendant will be given a chance to show cause why remand is not appropriate by showing that the original complaint would have been removable.

                                                                /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge